In re Glenn King **DUNCAN** and Norma Jean Duncan, Debtors.

Bankruptcy No. BK–87–00059–B.

United States Bankruptcy Court, W.D. Oklahoma.

Sept. 28, 1988.

Sam H. Johnson, Lawton, Okl., for debtors.

J. Dell Gordon, Abbott & Gordon, Oklahoma City, Okl., for trustee.

James H. Ivy, Waurika, Okl., for General Conference of Seventh Day Adventist, S.W. Adventist College, Inc. & S.W. Estate Services, Inc.

Jack M. Cornelius, Oklahoma City, Okl., trustee.

G. Blaine Schwabe III, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for Federal Land Bank, Wichita.

ORDER ON DEBTORS' OBJECTION TO TRUSTEE'S PROPOSED SALE OF PROPERTY FREE AND CLEAR OF LIENS

PAUL B. LINDSEY, Bankruptcy Judge.

Debtors filed an objection to Trustee's proposed sale of property free and clear of liens. Trustee filed a response to the objection. Creditors, Seventh Day Adventist, Southwestern Adventist College and Southwest Estate Services, Inc., subsequently joined in Trustee's response. A hearing was held on the objection to sale at which the parties agreed that the sale would not take place as scheduled and that certain objections would be withdrawn. Parties

were directed to submit briefs on the issues left unresolved. Trustee, debtors, Federal Land Bank of Wichita ("FLB"), and Farmers Home Administration ("FmHA") filed briefs. Trustee also filed a supplemental brief.

The debtors originally filed this case as a Chapter 12. The case was then converted to a Chapter 11 and, upon motion of FLB, was subsequently converted to a Chapter 7. Pursuant to 11 U.S.C. § 363(f), the Trustee, with the consent of the lienholders, now proposes to sell the estate property by public auction. The issues remaining to be decided in connection with the sale are: (i) whether the trustee can sell the farm equipment in excess of $5,000 which debtors claimed as exempt; (ii) whether the FmHA is required to comply with the provisions of the Agricultural Credit Act in regard to these debtors; and (iii) whether the trustee can sell the real property which debtors claimed as exempt homestead property.

## FARM EQUIPMENT

■ Pursuant to 31 O.S.1981 § 1(A)(5) & (6), debtors claimed certain farming implements, in the amount of $21,840, to be exempt. Trustee proposes to sell all but $5,000 worth of the equipment since 31 O.S.1981 § 1(C) limits the exemption for tools of the trade and implements of husbandry to a total amount of $5,000.

Trustee contends that at a meeting on May 31, 1988, debtors' counsel agreed to select those items of equipment to which debtors would apply their $5,000 exemption. Debtors now contend that because no objection was filed to the claimed exemption, all of the equipment is exempt. 11 U.S.C. § 522(*l*). The court agrees.

■ However, even if an objection had been filed, these debtors would still be entitled to the full amount of their claimed exemption. Debtors are entitled to exempt property under the law which is applicable on the date of filing their bankruptcy petition. 11 U.S.C. § 522(b)(2)(A). Debtors' bankruptcy petition was filed on January 6, 1987. Prior to that date, on September 12, 1986, the $5,000 limitation of 31 O.S.1981 § 1(C) was held unconstitutional by Judge Berry. *In re Pelter*, 64 B.R. 492. (Bankr. W.D. Okla.1986). The correcting amendment to the statute did not take effect until April 16, 1987. Debtors' petition was filed in the interim period when no limit applied.

Therefore, debtors' claimed exemption for farm equipment is allowed in the full amount of $21,840. Since none of that equipment is available for sale, debtors' objection to trustee's notice of sale will be sustained as to the farm equipment.

## AGRICULTURAL CREDIT ACT

■ Two of debtors' objections to the proposed sale are:

4. That the Trustee is acting in conspiracy and collusion with and at the request of the Farmer's [sic] Home Administration, its agents, servants and employees, a member of the Farm Credit System[,] contrary to the express provisions of the Agricultural Credit Act of 1987, Public Law 100–233, 12 U.S.C. § 2001 et seq[.], and other co-conspirators unknown to the Debtors.

5. That said sale is not made in good faith and is an attempt to deny and circumvent the right of redemption and debt re-structuring which the Debtors are entitled under the applicable laws and regulations of the State of Oklahoma and United States of America.

Debtors did not withdraw these two objections at the hearing. Nevertheless, the debtors' brief filed subsequently failed to address the issues raised in these objections. The FmHA and Trustee did brief the issues.

From the conference the court held with all of the parties during a recess in the hearing, the court understands that these objections are, in effect, that FmHA conspired to have the Trustee sell the property so that FmHA did not have to comply with the Agricultural Credit Act, Pub.L. 100–233, 1988 U.S.Code Cong. & Admin.News (101 Stat) 1568, by entering into debt restructuring negotiations with debtors.

There is no dispute that FmHA has not made an attempt to comply with the Agricultural Credit Act. FLB has complied and the church-related creditors are not required to comply.

Trustee submitted a copy of *In re Dilsaver*, 86 B.R. 1010 (Bankr. D.Neb.1988), in which the court there held that the mere fact that the borrowers are debtors in bankruptcy does not excuse a creditor from compliance with the Agricultural Credit Act. FmHA contends, however, that these debtors are not eligible for loan re-structuring because they do not qualify under the Agricultural Credit Act.

Section 602(b)(1) of the Agricultural Credit Act, 7 U.S.C. § 1991(b)(1), states:

The term "borrower" means any farm borrower who has outstanding obligations to the Secretary under any farmers program loan, without regard to whether the loan has been accelerated, *but does not include any farm borrower all of whose loans and accounts have been foreclosed on or liquidated, voluntarily or otherwise.*

(emphasis added). FmHA contends that since the case was converted to Chapter 7 and the debtors were discharged on January 21, 1988, the debtors' personal liability for the FmHA loans is discharged pursuant to 11 U.S.C. § 524(a).

■ The court agrees. Once the debt was discharged, there remains no principal or interest to be deferred or loan debt to be restructured. (FmHA cites *Anderson v. Block*, No. 83–4187–CV–C–5 (W.D.Mo. 1983), in support of this principle, but FmHA neglected to provide the court with a copy of this unpublished decision.) FmHA's only remedy is to pursue in rem proceedings against the property.

■ Since these debtors are no longer covered by the Agricultural Credit Act, debtors' objections to the proposed sale based on FmHA's conspiracy to avoid restructuring are moot. Whether there were any grounds for such an objection prior to the debtors' discharge is an issue the court considers to have been abandoned by debtors through their failure to brief the issue.

## HOMESTEAD EXEMPTION

■ Debtors objected that the Trustee could not sell the quarter section of land in Jefferson County that they claimed as exempt homestead property under 31 O.S. 1981 § 1(A)(1). No objections to the claimed homestead exemption were filed within the time allowed. Since there was no timely objection, the homestead claimed as exempt is exempt. 11 U.S.C. § 522(*l*).

FLB argues that property may be exempted only to the extent of the debtors' equity in the property. FLB contends that by virtue of the debtors' having encumbered the claimed homestead property to secure indebtedness in an amount greater than the value of the homestead, debtors have no equity in the homestead and it remains property of the estate subject to sale by the Trustee in accordance with the provisions of 11 U.S.C. § 363(b)(1).

The homestead exemption claimed is limited under Oklahoma law to 160 acres of land when such property is located outside of a city, town or village. 31 O.S.1981 § 2. There is no limitation as to value for those 160 acres. The authorities cited by FLB for its contention that property is only exempt to the extent of debtors' equity were all decided in jurisdictions other than Oklahoma and all addressed exemptions containing value limitations. The court does not find those cases to be applicable to the issue under consideration.

Furthermore, even if valuation were a consideration, it is not clear from the debtors' schedules or from the briefs filed by all of the parties exactly which mortgages and which values are applicable to the area claimed as exempt homestead property. From what is before the court at this time, the court would be unable to make a determination that debtors have no equity in the homestead property, if such a determination were necessary.

■ Therefore, the court finds that the homestead property, as exempt property, is not property of the estate and is not available for sale by the Trustee. Debtors' state law right of redemption under 42 O.S.1981 § 18 will not be foreclosed as to

the homestead property until such time as a sheriff's sale of the property is confirmed. *Lincoln Mortgage Investors v. Cook*, 659 P.2d 925, 928 (Okla.1982).

Accordingly, debtors' objections to the proposed sale of property are sustained to the extent that the homestead property and all farm equipment will be excluded from the sale. The debtors' objection to the sale is overruled insofar as the debtors allege the FmHA is engaged in a conspiracy to avoid compliance with the Agricultural Credit Act.

IT IS SO ORDERED.