UNITED STATES of America, Plaintiff,

v.

James CLEASBY, Delores M. Cleasby, State Bank of Independence, Leroy Asher and Larry Drangsvelt, Defendants.

No. 89–C–763–C.

United States District Court, W.D. Wisconsin.

July 31, 1990.

Richard D. Humphrey, Asst. U.S. Atty., Madison, Wis., for plaintiff.

Peter E. Grosskopf, Eau Claire, Wis., for defendants.

## OPINION AND ORDER

CRABB, Chief Judge.

This civil action for foreclosure is before the court on the motion for summary judgment of defendants James and Delores Cleasby. Defendants contend that this action should not be maintained against them, but that they should be permitted to take advantage of the debt restructuring provisions of the Agricultural Credit Act of 1987. The government denies that the Cleasbys are eligible for debt restructuring. It argues that those provisions are exclusively for "borrowers" and the Cleasbys are not borrowers because their personal debt to the Farmers Home Administration was discharged in bankruptcy in 1983.

## FACTS

The Cleasbys and plaintiff have stipulated to the following facts.

James and Delores Cleasby are farmers and occupants of the premises that are the subject of this foreclosure action. They filed for relief pursuant to Chapter 7 of the Bankruptcy Code and a discharge was granted in 1983.

The Cleasbys made a timely application with the Farmers Home Administration for loan servicing options under the 1987 Agricultural Credit Act. They sought the recovery buyout option available under that program. FmHA believes the application was incomplete because defendants had not reopened their bankruptcy and reaffirmed their debt, as required under AmHA AN 1837 (1951) dated December 23, 1988.

The Cleasbys' loans, with interest accrued up through April 24, 1990, and continuing, are as follows:

| Collateral | Original Date | Loan | Present Principal | Present Interest | Present Total |
|---|---|---|---|---|---|
| Real Estate | 2/16/77 | 43–5 | 15899.17 | 7446.48 | 23345.65 |
| Real Estate | 6/20/77 | 43–6 | 112022.71 | 94037.45 | 206060.16 |
| Real Estate | 6/19/78 | 43–9 | 19039.75 | 16525.46 | 35565.21 |
| Real Estate | 6/19/78 | 41–10 | 45815.93 | 22677.76 | 68493.69 |
| Real Estate | 7/09/79 | 29–11 | 15600.00 | 15151.66 | 30751.66 |
| Real Estate | 6/17/80 | 43–14 | 16494.47 | 4380.30 | 20874.77 |
| Chattel | 12/19/80 | 29–15 | 2635.39 | 2199.21 | 4834.60 |
| Real Estate | 3/23/87 | 43–93 | 6.00 | .92 | 6.92 |
| Real Estate | 9/26/86 | 43–94 | 5.00 | .54 | 5.54 |
| Real Estate | 6/09/86 | 43–95 | 4427.40 | 1372.13 | 5799.53 |
| Real Estate | 11/01/85 | 43–96 | 7410.73 | 2654.05 | 10064.78 |
| Real Estate | 10/07/85 | 43–97 | 8517.59 | 3097.13 | 11614.72 |
| Real Estate | 12/07/81 | 43–98 | 3.00 | .76 | 3.76 |

$417,420.99

The sole reason for disapproving the Cleasbys' application for recovery buyout was the fact they had obtained a discharge in bankruptcy in 1983 and had not reaffirmed that debt.

I find there is no genuine dispute about the following material facts taken from the record.

The complaint in this case was filed on August 22, 1989. On August 24, 1989, the United States Marshal for the Western District of Wisconsin mailed summonses and complaints for service on James Cleasby and Delores Cleasby to the office of the United States Marshal in Denver. That office sent the papers to Wyoming. On December 13, 1989, the service mailed copies of the summonses and complaints to Delores Cleasby and James Cleasby in Eleva, Wisconsin. The Cleasbys signed the acknowledgements of service on December 19, 1989, and returned them to the United States Marshal.

## OPINION

■ The Cleasbys' principal contention relates to their asserted eligibility for debt restructuring benefits. However, they raise a secondary issue, that they were not timely served because they did not receive a copy of the summons and complaint until the 119th day after the filing of the summons and complaint and they did not return their acknowledgement of service by mail until the 121st day after the filing. Because resolution of the secondary issue in the Cleasbys' favor would make it unnecessary to reach the merits of the case, I will begin with it.

Fed.R.Civ.P. 4(j) requires dismissal of a case if service of the summons and complaint is not made upon a defendant within 120 days of the filing of the case and the plaintiff cannot show good cause why such service was not made within that period. In this instance, service was made upon the Cleasbys 119 days after the complaint was filed.

The Cleasbys argue that "service" is not complete until the acknowledgement of summons has been returned. Their argument may well be correct. *See* discussion in *Red Elk v. Stotts*, 111 F.R.D. 87 (D.Mont.1986). I express no opinion upon it, because it is unnecessary to reach it. Even if the Cleasbys are right, they cannot prevail because the record contains no

showing that the acknowledgement of service was not received by the United States Marshal on the 120th day.

From the lack of any comment in the Cleasbys' reply brief, I presume they recognize the limited usefulness of obtaining the remedy they seek. The only sanction applicable is dismissal of the complaint without prejudice, and even that modest sanction can be imposed only if the plaintiff is unable to show good cause for the failure to effect service within 120 days.

■ I turn then to the merits of the Cleasbys' contention that they should be permitted to take advantage of the debt restructuring benefits of the Agricultural Credit Act. Some background will be helpful to an understanding of their argument.

The restructuring scheme set out in the Agricultural Credit Act of 1987, Pub.L. No. 100–233, 101 Stat. 1568–1718, codified in 7 U.S.C. and 12 U.S.C., consists of a primary loan program, 7 U.S.C. § 1991(b)(3), and a preservation loan service program, 7 U.S.C. § 1991(b)(4). Among the benefits offered under the scheme are rescheduling of payments, interest rate reduction and write down of principal. These benefits are available to eligible borrowers who can show a default caused by circumstances beyond the borrower's control, good faith in connection with the loan, submission of a reasonable preliminary plan for restructuring, and a net recovery to the government that equals or exceeds what foreclosure would yield after transaction costs. 7 U.S.C. § 2001(b).

The program is available only to "borrowers" who are indebted to the FmHA. "Borrower" is defined as

... any farm borrower who has outstanding obligations to the Secretary under any farmer program loan, without regard to whether the loan has been accelerated, but does not include any farm borrower all of whose loans and accounts have been foreclosed on or liquidated, voluntarily or otherwise.

7 U.S.C. § 1991(b)(1).

The FmHA interprets "borrower" as excluding farmers who have title to real es-

tate that is subject to foreclosure if their personal debt to the FmHA has been discharged in bankruptcy under Chapter 7. The Cleasbys challenge this interpretation, arguing that it is an inaccurate and unreasonable reading of the Act. They point to the lack of any provision that makes it explicit that the Act does not apply to farmers whose personal debt has been discharged in bankruptcy but whose real estate remains subject to foreclosure. They argue also that prior bankruptcies are irrelevant in determining the comparative costs of foreclosure and debt restructuring. Whether or not there has been a prior bankruptcy the FmHA must still bear the costs and potential losses of foreclosure, since bankruptcy alone does not result in liquidation of the farm. Finally, they maintain that bankruptcy is prime proof of the kind of financial distress that Congress intended to ameliorate through the legislation.

Much of the Cleasbys' argument is persuasive. There is considerable ambiguity about the status under the Act of farmers whose personal liability has been discharged in bankruptcy, but whose property remains subject to foreclosure. Although many courts take the position that such farmers are not subject to any legal obligations, others, including the bankruptcy court for this district, have held that a claim against property of a debtor is a claim against the debtor for the purposes of the Bankruptcy Code. *Matter of Hagberg,* 92 B.R. 809 (Bankr.W.D.Wis.1988). *See also In re Metz,* 820 F.2d 1495 (9th Cir.1987) (Chapter 13 petitioner may include mortgage claim within a plan although underlying obligation of mortgage was discharged under Chapter 7). *Cf. In re Johnson,* 96 B.R. 326 (D.Kan.1989) (lien on property for debt discharged under Chapter 7 is not a claim against debtor that can subsequently be scheduled under Chapter 13); *In re Binford,* 53 B.R. 307, 309 (Bankr.W.D.Ky.1985) (lien that survives discharge does not impose any further legal obligation on debtor).

When a statute is unclear about a specific issue, as § 1991(b)(1) is about whether "borrower" includes farmers whose real estate is subject to foreclosure but whose personal liability has been discharged under Chapter 7, and the agency administering the statute has given the statute a certain construction, a court must give deference to that construction. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–844, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984) (if statute is silent or ambiguous with respect to specific question, court must decide whether agency's answer is based upon a permissible construction of the statute). It is not for the court to decide whether the Secretary's interpretation is the one it would have reached, but whether the interpretation is a " 'sufficiently rational one to preclude a court from substituting its judgment for that of [the agency].' " *Lee v. Yeutter,* 106 B.R. 588, 591 (D.Minn. 1989) (quoting *Chemical Manufacturers Ass'n v. Natural Resources Defense Council,* 470 U.S. 116, 125, 105 S.Ct. 1102, 84 L.Ed.2d 90 (1985)).

The Secretary's interpretation of "borrower" is a rational one. It makes sense to view the farmer whose personal liability has been extinguished as no longer a "borrower" with respect to the FmHA. The lien that survives the discharge " 'creates, constitutes, or imposes no legal obligations upon the debtor.' " *Lee v. Yeutter,* 106 B.R. at 591 (quoting *In re Binford,* 53 B.R. at 309). The Cleasbys cite *Matter of Dilsaver,* 86 B.R. 1010 (Bankr.D.Neb.1988), as authority for the proposition that a bankruptcy filing does not bar a farmer from obtaining debt restructuring benefits. They fail to note that in that case, the bankruptcy proceeding had not resulted in a debt discharge before the Act became effective, and therefore the debtor remained personally liable to the lender. In allowing the farmer to restructure his Federal Land Bank debt, the bankruptcy court did not hold that the Act applied to farmers whose personal debts had been discharged, only that the Act did not except farmers who had bankruptcy petitions pending as of the effective date of the Act.

It is a permissible construction of 7 U.S.C. § 1991(b)(1) for the Secretary to

read it as not including persons whose personal liability to the FmHA has been discharged under Chapter 7 of the Bankruptcy Code. I cannot say that in enacting the Agricultural Credit Act, "Congress has clearly expressed an intent contrary to that of the [Department of Agriculture]," *Chemical Manufacturers Ass'n,* 470 U.S. at 125, 105 S.Ct. at 1107. It follows, therefore, that because the Cleasbys have no personal liability to the FmHA, they are not "borrowers' under 7 U.S.C. § 1991(b)(1), and cannot utilize the debt restructuring programs of the Agricultural Credit Act to avoid foreclosure of their property.

### ORDER

IT IS ORDERED that the motion for summary judgment of defendants James Cleasby and Delores Cleasby is DENIED.