Clancy **CUMMINGS**, Plaintiff,

v.

**FARMERS HOME ADMINISTRATION and United States of America,** Defendants.

No. 3:92–CV–1571–T.

United States District Court, N.D. Texas, Dallas Division.

Dec. 21, 1992.

John Edward Collins, Law Office of John E. Collins, David Bruce James, Law Office of David James, Dallas, TX, for plaintiff.

Kurt Christopher Kern, Jeffrey S. Patterson, Strasburger & Price, Dallas, TX, for defendants.

Tom Pauken, pro se.

Harlan Martin, pro se.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

This matter is before the court on Defendants' November 20, 1992, motion to dismiss or, in the alternative, for entry of summary judgment. Plaintiff has not filed a response. Because matters outside of the pleadings have been presented to this court, the court is of the opinion that Defendants' motion should be treated as one for summary judgment. After consideration, the court concludes that Defendants' motion should be granted, and that summary judgment should be entered in favor of Defendants.

Standard for Summary Judgment

Summary judgment should only be entered where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant bears the burden of establishing the propriety of summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law will identify what facts are material. *Id.* at 248, 106 S.Ct. at 2509. A dispute as to a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2509.

## Background

On March 2, 1979, Plaintiff Clancy Cummings obtained four emergency loans in the amount of $7,338,030, from Defendant Farmers' Home Administration (FMHA). As security for these loans, Plaintiff gave FMHA a Deed of Trust which included a mechanics lien in the amount of $22,000, and which covered certain land in Dallam County. On March 26, 1981, Plaintiff filed a Chapter 11 bankruptcy proceeding, and was discharged of his personal indebtedness to FMHA on March 31, 1982.

Upon reviewing delinquent loans on its books, FMHA discovered a delinquent balance on Plaintiff's loans. On May 17, 1991, FMHA accelerated Plaintiff's debt as a prerequisite to foreclosure.

On August 3, 1992, Plaintiff filed the instant action, seeking *inter alia*, an injunction to prevent foreclosure, and declaratory relief. Plaintiff contends that (1) he has been denied due process rights under the Fifth Amendment by being deprived of certain pre-foreclosure entitlements arising under the Agriculture Credit Act; (2) he did not receive fair notice of the foreclosure sale; (3) he has a valid homestead claim on the farm property; and (4) foreclosure on the property is in violation of the statute of limitations.

Plaintiff contemporaneously filed a supplemental request for a temporary restraining order which was denied, and the property was sold at a trustee's sale on August 4, 1992.

Defendants seek entry of summary judgment in their favor on all of Plaintiff's claims.

## Discussion

Plaintiff seeks injunctive relief to prevent foreclosure on certain farm property. However, the record reflects that the foreclosure sale was held on August 4, 1992. Therefore, the court is of the opinion that Plaintiff's claim for injunctive relief of the foreclosure sale is moot.

### A. Due Process Claim

■ Plaintiff contends that he has been denied due process rights under the Fifth Amendment by being deprived of restructuring and other preforeclosure entitlements arising under the Agriculture Credit Act. 7 U.S.C. § 1921, *et seq.* Entitlements under the Agricultural Credit Act are available only to "borrowers." The term "borrower," however, does not include farmers whose personal debt to FMHA has been discharged in bankruptcy. *See Lee v. Yeutter*, 917 F.2d 1104, 1108 (8th Cir.1990); *U.S. v. Cleasby*, 745 F.Supp. 546, 549–50 (W.D.Wis.1990). It is undisputed that Plaintiff had his personal debt to FMHA extinguished by a discharge in bankruptcy in 1982. Therefore, the court is of the opinion that Plaintiff is not entitled to benefits under the Act, and that summary judgment should be entered in favor of Defendants on this claim.

### B. Notice

Plaintiff contends that Defendants did not give Plaintiff fair notice of the foreclosure sale. The court does not agree. Defendants' summary judgment evidence indicates that Plaintiff received notice of the sale several weeks before the foreclosure sale was held. Therefore, the court concludes that this claim is without merit.

### C. Homestead Claim

Plaintiff contends that he has not been afforded the opportunity to claim his homestead rights on the farm property. Authority over homestead considerations is found in 7 U.S.C. § 2000. Pursuant to this statute, a borrower is entitled to homestead rights only after submitting an application for homestead rights to the Secretary or Administrator. 7 U.S.C. § 2000(b)(1) and (c)(1). Defendants' summary judgment evidence indicates that Plaintiff never submitted the requisite appli-

cation showing that he was eligible for homestead rights. Therefore, the court is of the opinion that Plaintiff has not submitted a valid claim for homestead rights.

D. Statute of Limitations

■ Plaintiff asserts that the foreclosure sale was held in violation of the statute of limitations under 28 U.S.C. § 2415(a). 28 U.S.C. § 2415(a) does not limit the Government's right to foreclose a mortgage to secure a debt. *See United States v. Copper,* 709 F.Supp. 905, 908 (N.D.Iowa 1988). Therefore, the court is of the opinion that Plaintiff's assertion is without merit.

For the aforementioned reasons, the court concludes that summary judgment should be entered in favor of Defendants on all of Plaintiff's claims.

It is therefore ORDERED that Defendants' November 20, 1992, Motion for Summary Judgment is granted.