**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Hilario R. ALVARADO, Madel Socorro,**
**Defendants–Appellees.**

**No. 91–4186.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1993.

---

**2.** Later, Ogbommon was convicted for defraud-

ing one of the same banks Chukwura defrauded.

Brian M. Kane, Asst. U.S. Atty., Jacksonville, FL, Mark Stern, and Steve Frank, Dept. of Justice, Appt. Section, Civ. Div., Washington, DC, for plaintiff-appellant.

Cathy L. Lucrezi, Florida Rural Legal Services, Fort Myers, FL, for defendants-appellees.

Before ANDERSON and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

This is an action by the United States, on behalf of the Farmers Home Administration ("FmHA"), against defendants Hilario Alvarado and MaDel Socorro to recover on a defaulted government loan. The United States seeks money damages in the amount owed on a promissory note signed by defen-

dant Alvarado and seeks to foreclose on the mortgage securing this note. The district court granted defendants' motion for summary judgment, holding that the action is barred by the six-year statute of limitations set out in 28 U.S.C. § 2415(a). We find that this statute of limitations does bar the United States' claim for money damages, but does not bar the foreclosure on the real estate securing the note. Accordingly, we affirm in part and reverse in part.

## FACTS

In July 1975, defendant Hilario Alvarado obtained a $20,000 loan from the United States, acting through the FmHA, to finance the purchase of a home. Alvarado executed a promissory note in favor of the United States and, to secure this note, a real estate mortgage encumbering certain property in Collier County, Florida. In October 1980, Alvarado's loan account became delinquent. On July 16, 1981, the FmHA sent Alvarado a certified letter accelerating the entire balance of the note and demanding payment. Alvarado did not cure the default.

Some eight years later, in June 1989, the United States filed this action to recover amounts owed on the note and to foreclose on the property encumbered by the real estate mortgage securing the note. The United States named as defendants Alvarado and MaDel Socorro, Alvarado's wife. In the prayer for relief at the end of the complaint, the United States demanded:

1. An accounting of what is due the [United States] on account of the aforesaid Promissory Note and Real Estate Mortgage.

2. An order requiring the Defendant, Hilario R. Alvarado, to pay to the [United States] within the time allowed by this Court all sums found to be so due together with costs and expenses of this suit.

3. That in default of such payments, the property described in the aforesaid Real Estate Mortgage be sold under the direction of this Court in bar and foreclosure of all right and equity of redemption of the Defendants and all other persons claiming by, through, under, or against them and that out of the proceeds of the sale the amounts due the Plaintiff be paid insofar as they will suffice.

4. That the [United States] be granted such other and further relief as to the Court may seem just and proper.[1]

Thus, the United States set forth two claims: (1) a claim seeking money damages from defendant Alvarado for the amounts due on the promissory note, and (2) a claim seeking foreclosure of the property securing the note.

Defendants filed a motion for summary judgment, arguing that the entire suit is barred by the six-year statute of limitations set out in 28 U.S.C. § 2415(a). The district court agreed, granted the motion, and entered judgment for defendants. The United States filed this appeal.

## DISCUSSION

▇▇▇ It is a long-standing rule that the United States "is exempt from the consequences of its laches, and from the operation of statutes of limitations."[2] Although this rule originated as a prerogative of the Crown, it is "supportable now because its benefit and advantage extend to every citizen."[3] As the former Fifth Circuit explained:

[C]ourts have long held that the United States is not bound by any limitations period unless Congress explicitly directs otherwise. The doctrine that the mere passage of time cannot foreclose the rights of the United States derives from the common law principle that immunity from the limitations periods is an essential prerogative of sovereignty. This doctrine remains viable today because it furthers the public policy objective of protecting rights vested in the government for the benefit of all from the inadvertence of the agents upon

---

1. R-1-4.

2. *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938).

3. *Id.* at 132, 58 S.Ct. at 789.

which the government must necessarily rely.[4]

Thus, "'the United States is not bound by state statutes of limitation;'"[5] a statute of limitations will run against the United States only if Congress so prescribes. Moreover, any statute of limitations sought to be applied against the United States "must receive a strict construction in favor of the Government."[6]

■ Congress has passed legislation explicitly directing that a statute of limitations shall run against the United States on claims for debts founded on contracts. This legislation, 28 U.S.C. § 2415(a), provides in pertinent part:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

By its express terms, this statute is applicable only to actions for *money damages* founded upon a *contract.* We conclude, as has every court that has addressed this issue, that a suit to recover from the debtor amounts owed on a promissory note is an action for money damages founded upon a contract.[7] Accordingly, the six-year statute of limitations set out in § 2415(a) is applica-

ble when the United States brings suit on a promissory note.

■ In the case before us, the United States filed this action nearly eight years after it accelerated the debt, well after the six-year statute of limitations had run. To the extent the United States seeks to recover on the note, then, its claim is barred by § 2415(a). Thus, the United States' claim seeking money damages from defendant Alvarado for amounts owed on the note, including any claim against Alvarado for a deficiency following foreclosure,[8] is time barred. The district court was correct in granting summary judgment for defendants as to this claim.

The more difficult question is whether § 2415(a) bars the United States' claim seeking foreclosure of the mortgage securing the note.[9] We must decide whether an action by the United States to foreclose on a mortgage securing a government loan is an "action for money damages ... founded upon [a] contract."

When a debtor defaults on a secured debt, the creditor generally has two remedies. He may bring an action at law to recover on the promissory note or other written evidence of the debt, or he may bring an equitable action to foreclose on the property securing the debt.[10] Although law and equity have merged, and although many jurisdictions permit a creditor to pursue these two reme-

---

**4.** *United States v. City of Palm Beach Gardens,* 635 F.2d 337, 339–40 (5th Cir. Unit B Jan. 1981) (citations omitted), *cert. denied,* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981).

**5.** *United States v. Moore,* 968 F.2d 1099, 1100 (11th Cir.1992) (quoting *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940)).

**6.** *Badaracco v. Commissioner of Internal Revenue,* 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984), and cases cited therein.

**7.** *See, e.g,. United States v. Dos Cabezas Corp.,* 995 F.2d 1486 (9th Cir.1993) (suit to recover deficiency following foreclosure is "an action for money damages founded upon a contract" subject to the six-year limitations period of § 2415(a)); *United States v. LaSalle National Trust,* 807 F.Supp. 1371, 1373 (N.D.Ill.1992) (§ 2415(a) bars the government from enforcing note and guaranty on defaulted loans); *cf. United*

States v. Vanornum, 912 F.2d 1023, 1025 (8th Cir.1990) (§ 2415(a) applies to actions brought by the SBA to enforce guarantees on defaulted loans).

**8.** *See United States v. Dos Cabezas Corp.* 995 F.2d 1486 at 1489–90.

**9.** There is no legislation setting out a statute of limitations specifically applicable to foreclosure actions brought by the United States; thus defendants rely on § 2415(a).

**10.** *See* 55 Am.Jur. Mortgages § 541 (1971); *see also* 3 Richard R. Powell, The Law of Real Property ¶ 461 (1993) (noting different limitations periods for "an equitable action to foreclose" and "a law action on debt"); *Adams v. Citizens Bank of Brevard,* 248 So.2d 682, 684 (Fla. 4th Dist.Ct. App.1971) ("Foreclosure is a traditional equitable remedy over which the law side of the court has no jurisdiction.").

dies simultaneously,[11] there remain important distinctions between the two remedies. An action on the promissory note is in personam; the creditor seeks to recover money from the debtor. As discussed above, such an action is one "for money damages ... founded upon [a] contract." By contrast, an action to foreclose on the property securing the debt is in rem; the creditor's remedy is limited to the property.[12] As one commentator has said, "A foreclosure suit has been said to be merely a proceeding for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction."[13] Thus, in a foreclosure action, the creditor does *not* seek to recover money directly from the debtor; rather, he seeks only to satisfy the debt through seizure and sale of the property.[14] The creditor's right to seek satisfaction of the debt from the property is independent of his right to seek satisfaction from the debtor; indeed, the creditor generally may pursue his remedy against the property even when his remedy against the debtor is barred.[15] As one legal encyclopedia explains:

> The life of a mortgage of real estate is not measured by that of the obligation which it is given to secure, and the mortgagee can pursue his remedy on the mortgage by foreclosure notwithstanding the debt or the evidence thereof is barred by the statute of limitations. This rule is based on the theory that the statute of limitations goes to the remedy merely, without extinguishing the rights; and since

a mortgagee has two remedies, one on the security and one on the principal obligation, the bar of one of these is not necessarily destructive to the other.[16]

Having carefully considered these principles, we conclude that an action by the United States to foreclose on property securing a government loan is not "an action for money damages." Rather, it is a proceeding in rem, with the United States' remedy limited to the property. We find that the plain language of § 2415(a), which covers only actions "for money damages," does not encompass foreclosure proceedings.

■ In an attempt to avoid this conclusion, defendants rely on FmHA's interpretation of § 2415(a), as reflected in the FmHA regulation set out at 7 C.F.R. § 1927.5(b) (1991). This regulation provided, in pertinent part, that "[§ 2415(a)] places a 6-year limitation on suits to ... foreclose security instruments...." The FmHA recently removed this regulation from the Code of Federal Regulations, stating that it was "erroneous and contrary to current Federal and State court decisions" and that "FmHA never intended to impose additional time restrictions on the exercise of its contractual or other legal rights to foreclose its security instruments."[17] This regulation, even assuming it is still in force as to this litigation, does not alter our interpretation of § 2415(a). First, § 2415(a) is a statute of limitations. As is discussed above, a statute of limitations will run against the United States only if Congress explicitly so directs, and any statute of

---

**11.** *See, e.g.,* Fla.Stat. § 702.06 (authorizing entry of deficiency decree in foreclosure proceeding).

**12.** 55 Am.Jur. Mortgages § 553.

**13.** *Id.*

**14.** As noted above, many jurisdictions now permit a creditor to pursue in a single proceeding both foreclosure and an action on the note to recover any deficiency. We speak here of the situation in which the creditor seeks foreclosure only. *See* 55 Am.Jur. Mortgages § 553 ("While foreclosure suits, in their usual form, are partly in rem for the seizure and sale of the property, and partly in personam for the ascertainment of the debt of the mortgagor and the obtaining of a personal judgment against him, they are essentially in rem if no personal judgment is sought.").

**15.** 3 Powell, at ¶ 461; 37 Fla.Jur. Mortgages and Deeds of Trust § 322 (1982) and cases cited therein; *Hilpert v. Commissioner of Internal Revenue,* 151 F.2d 929, 932 (5th Cir.1945) ("The fact that there was no covenant to repay the money, evidenced either by note, bond, mortgage, or other writing would not prevent the enforcement of the mortgage against the mortgaged property even after the writing evidencing the debt had become barred by the statute of limitations.").

**16.** 37 Fla.Jur. Mortgages and Deeds of Trust § 322.

**17.** 56 Fed.Reg. 943 (1991).

limitations sought to be applied against the United States will be strictly construed. We cannot defer to an agency interpretation of § 2415(a) that will defeat these principles. Second, even if the statute at issue here did not involve a limitations period, we would not defer to the FmHA regulation. The FmHA regulation at issue here is interpretive only; that is, it is merely an expression of how the agency interprets the statute, as opposed to a legislative rule that carries the force of law.[18] Accordingly, the statute governs, and the agency's interpretation is critical only if the statute is ambiguous.[19] We find that § 2415(a) is unambiguous; "an action for money damages" does not contemplate a foreclosure proceeding. Defendants' reliance on the FmHA regulation is unavailing.

■ Accordingly, we conclude that a foreclosure proceeding is not "an action for money damages" and, therefore, that the six-year statute of limitations set out in § 2415(a) is not applicable to actions by the United States to foreclose a mortgage securing a government loan. In so concluding, we join every other federal court that has addressed this issue.[20]

■ In the alternative, defendants argue that we should affirm the district court's grant of summary judgment in their favor because the FmHA did not comply with its own regulations before initiating foreclosure proceedings.[21] Specifically, defendants contend that the FmHA did not comply with 7 C.F.R. § 1951.312(e)(3) (1987), which requires that a FmHA agent visit the debtor's home before the debt is accelerated. This regulation was not published as a final rule until December 1991, some five months after defendant Alvarado's debt was accelerated.[22] Accordingly, the FmHA's failure to comply with this particular regulation will not bar this foreclosure action. We express no opinion, however, as to whether the FmHA satisfied other conditions precedent to bringing this foreclosure action. This is a matter for resolution by the district court on remand.

To conclude, we hold that the plain language of § 2415(a) does apply to an action by the United States to recover from the debtor amounts owed on the promissory note, but does not apply to an action by the United States to foreclose on a mortgage securing the note. We conclude that Congress intended to allow the United States to bring such

---

**18.** *See Batterton v. Francis,* 432 U.S. 416, 425 n. 9, 97 S.Ct. 2399, 2405, n. 9, 53 L.Ed.2d 448 (1977).

**19.** *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

**20.** *See Westnau Land Corp. v. United States Small Business Administration,* 1 F.2d 112 (2d Cir. 1993) (enforcement of a mortgage held by the SBA was not barred by § 2415(a) because " 'an action for money damages,' is not normally considered to comprehend an equitable action of foreclosure"); *United States v. Ward,* 985 F.2d 500, 503 (10th Cir.1993) ("§ 2415(a), by its own unambiguous terms does not apply to mortgage foreclosures" on property securing FmHA loans); *United States v. Succession of Siddon,* 812 F.Supp. 674 (W.D.La.1993) (United States' right to foreclose on mortgage securing FmHA loan not prescribed under § 2415(a)); *United States v. LaSalle National Trust,* 807 F.Supp. at 1373 (although § 2415(a) barred recovery on note, government could maintain action to foreclose on security interest); *Cummings v. Farmers Home Administration,* 825 F.Supp. 769 (N.D.Tex.1992)

(§ 2415(a) does not limit government's right to foreclose a mortgage securing FmHA loan); *United States v. Copper,* 709 F.Supp. 905, 908 (N.D.Iowa 1988) (§ 2415(a) "in no way limits the government's right to foreclose a mortgage given to secure" a SBA loan).

A number of courts, in reaching the conclusion that § 2415(a) does not apply to foreclosure actions by the United States, have relied on § 2415(c). *See United States v. Dos Cabezas Corp.,* 995 F.2d 1486 at 1489–90; *United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991); *United States v. Edwards,* 765 F.Supp. 1215, 1222 (M.D.Pa.1991); *Curry v. United States,* 679 F.Supp. 966, 970 (N.D.Cal.1987). Section 2415(c) provides: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." Because we conclude that a foreclosure action by the United States is not "an action for money damages" within the meaning of § 2415(a), we do not rely on the exception set out in § 2415(c).

**21.** *The district court did not reach this issue, as it granted summary judgment for defendants based on the statute of limitations.*

**22.** Final Rule, 46 Fed.Reg. 60179 (Dec. 9, 1981).

foreclosure actions at any·time.[23] Accordingly, the district court was correct in granting summary judgment for defendants on the United States' claim seeking money damages for amounts owed on the note, but erred in granting summary judgment for defendants on the United States' claim seeking foreclosure of the property securing the note.

## CONCLUSION

For the foregoing reasons, the district court's order granting summary judgment for defendants is AFFIRMED in part and REVERSED in part, and the case is remanded for further proceedings not inconsistent with this opinion.

---

23. *See United States v. City of Palm Beach Gardens*, 635 F.2d at 341 ("Since this Act contains no limitations period, and no independent statute of limitations applies, we conclude that Congress intended to allow the United States to seek recovery under the Act at any time.") (footnote omitted).