[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-3286

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/18/98
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-29 CIV-T-25C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH L. BEGIN,
DEBORAH BEGIN,

Defendants/Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 18, 1998)**

Before ANDERSON and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Defendants Keith and Deborah Begin appeal from a judgment entered against them and in favor of plaintiff, the United States of America, on a promissory note. We hold that, contrary to the decision of the district court, the United States' claim was barred by the six-year limitations period set forth in 28 U.S.C. § 2415(a), and reverse.

In 1980, the Begins executed a promissory note to Southeast Bank in the principal amount of $100,000. The Begins used the loan proceeds to purchase commercial property in Pinellas

County, Florida. The note was secured by a mortgage on the commercial parcel and by a separate mortgage on the Begins' personal residence. The Small Business Administration (SBA) guaranteed the note and mortgages.

In 1984, the Begins conveyed title to the commercial parcel to AKO Painting, Inc., a corporation owned by Alfred Koch. Koch agreed to assume the mortgage debt and make the required payments under the note. In November, 1984, Koch defaulted on the note. In 1985, the note and mortgages were assigned to the SBA.

Between 1985 and 1992, neither the Begins nor Koch made any payments on the note. In January, 1992, the Begins paid the SBA $15,000.00 to obtain a release of the lien on their residence.

On January 6, 1993, the United States commenced this action. The United States sought foreclosure of the commercial property and, if the sums received from the foreclosure did not satisfy the United States' claim, a deficiency judgment against the Begins.

In a motion for summary judgment, the Begins argued that the six-year statute of limitations barred any *in personam* deficiency claim against them. The United States took the position that the Begins' $15,000.00 payment in 1992 recommenced the limitations period. The government did not dispute the Begins' contention that in the absence of a partial payment, the limitations period expired before the government commenced this action. The district court denied the Begins' motion, finding that the Begins' $15,000.00 payment was a "partial payment on their overdue debt [which] reinstated the six year statute of limitation[s] under 28 U.S.C. § 2415." The court granted the United States' motion for a foreclosure judgment on the commercial property. The court determined that under the promissory note, the United States was owed $209,999.98.

2

Pursuant to the foreclosure judgment, the United States sold the commercial property for $32,000.00. The United States then moved for a deficiency judgment against the Begins. The district court granted the motion for deficiency judgment. The court found the fair market value of the property at the time of the foreclosure to be $100,000.00. The court determined that there were $22,500.00 in unpaid ad valorem taxes, and reduced the fair market value by that amount. The court entered a deficiency judgment of $133,716.82 in favor of the United States and against the Begins.

The Begins asserted that the six-year limitations period set forth in 28 U.S.C. § 2415(a) barred the United States' claim for a deficiency judgment. That section provides:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . . *Provided*, That in the event of a later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of such payment or acknowledgment . . . .

28 U.S.C. § 2415(a) (1994). This six-year statute of limitations applies to the claim of the United States in this case. *See United States v. Alvarado*, 5 F.3d 1425, 1428 (11th Cir. 1993).

The United States argued, and the district court found, that the Begins' 1992 payment of $15,000.00 to obtain a release of the lien on their residence was a "partial payment" which recommenced the six-year limitations period, pursuant to 28 U.S.C. § 2415(a). The decision on this appeal turns on whether the payment was a "partial payment" of the "debt" under the statute. A careful analysis of the law as applied to the undisputed facts in this case shows it was not.

To accurately interpret the statute, it is important to determine whether the "debt" is an *in personam* debt or an *in rem* debt. An action for money damages based on breach of a promissory note is an *in personam* action by which "the creditor seeks to recover money from the debtor." *Alvarado*, 5 F.3d 1425, 1429 (11th Cir. 1993). A foreclosure action, on the other hand, is not a suit

3

against a debtor. Instead, it is an action *in rem*, a proceeding against the property "for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction." *Alvarado*, 5 F.3d at 1429 (quoting 55 Am. Jur. *Mortgages* § 553). The limitations period set forth in 28 U.S.C. § 2415(a) applies only to "action[s] for money damages," but does not apply to *in rem* foreclosure proceedings. *See Alvarado*, 5 F.3d at 1429. Therefore, the United States must bring an *in personam* action for money damages based on breach of a promissory note within six years of the date the cause of action accrued, but may bring a foreclosure action on a mortgage securing the promissory note "at any time." *Alvarado*, 5 F.3d at 1431; *see id.* at 1428 ("[T]he United States is not bound by state statutes of limitation . . . .") (internal quotation marks omitted).

Because of these differences between a lien and a personal debt and between the actions which may be brought upon each, a property owner's acknowledgment that his or her property is subject to a lien is not equivalent to an acknowledgment that the property owner owes a personal debt to the lien holder. Even when the property owner has not acknowledged the existence of an underlying *in personam* debt, he or she may pay the lien holder solely to obtain a release of the lien. In such circumstances, a payment made solely to obtain a release of a property lien does not, without more, constitute payment or acknowledgment of any debt personal to the property owner.

This is precisely what occurred in this case. The Begins made a $15,000.00 payment to obtain a release of the lien on their residence, and therefore avoided a potential *in rem* foreclosure action against the property. They did not make a payment on any personal debt.

The United States argues that the Begins' attorney, in a January 28, 1992 letter, acknowledged that the $15,000.00 payment was a partial payment on the promissory note. Contrary

4

to the government's assertion, the 1992 letter unambiguously stated that the $15,000.00 payment was made only for "settlement of the release of the lien on [the Begins'] residence." The letter clarified that the Begins would make no "further financial commitments at th[at] time." The letter did not suggest that the Begins made, or would make, any payments on the promissory note.

The United States also relies on the Begins' attorney's earlier letter of January 18, 1991 in support of its contention that the $15,000.00 payment was a partial payment of the Begins' debt. That letter does not support the government's position. Instead, it stated only that the Begins were willing to make a settlement offer "in order to clear the second mortgage lien on their residence . . . ." It further stated the Begins' belief that Mr. Koch's corporation, not the Begins, was required to make payments on the SBA loan, and suggested that "the SBA initiate foreclosure proceedings on th[e] commercial real estate property so that its mortgage obligation may be satisfied." This letter did not acknowledge any debt or indicate any intent by the Begins to pay a portion of any personal debt.

The United States did not present to the district court any other evidence that the Begins made a partial payment on a debt. The uncontroverted evidence demonstrates that the Begins settled only the *in rem* claim against their personal residence. Therefore, the United States' cause of action did not "accrue again at the time of [the $15,000.00] payment . . . ." 28 U.S.C. § 2415(a). This action is barred by the applicable six-year statute of limitations.

A "written acknowledgment of debt" would also recommence the six-year limitations period. 28 U.S.C. § 2415(a). In the district court, the United States stated that it was "utilizing discovery to determine if such written acknowledgment is present in the case at bar." Mem. of Law in Opposition to Begins' Cross-Motion for Summ. J., at 4 n.1. The government did not, however,

5

argue before the district court or this Court that the Begins' made such a written acknowledgment of debt. Reviewing the Begins' attorneys' January, 1991 and January, 1992 letters, we conclude that the statements that the Begins would "consider a possible settlement" after foreclosure proceedings, and other similar statements, did not constitute an acknowledgment of a debt personal to the Begins which would have revived the limitations period.

Since the action is barred by the statute of limitations, it is not necessary to consider the other issues raised on this appeal.

**REVERSED.**