**UNITED STATES of America, Appellee,**

v.

**Marjorie A. WURDEMANN, a/k/a Marjorie A. Wurdemann Robinson, Appellant,**

**Duane Kolden; Helen Kolden; State of Minnesota; Otter Tail Power Company; County of Stevens; Burlington Northern, Inc.; Morris State Bank; James Arthur Wurdemann; William H. Wurdemann; John H. Wurdemann; and Peter A. Wurdemann, Appellants.**

**No. 81–1376.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1981.

Decided Nov. 4, 1981.

Patrick J. O'Mera, St. Louis Park, Minn. (argued), John A. Miller, Minneapolis, Minn., for appellants Marjorie A. Wurdemann Robertson, William H. Wurdemann, John H. Wurdemann and Peter A. Wurdemann.

Melvin Clark (argued), John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard Farber, Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Thomas K. Berg, U. S. Atty., Minneapolis, Minn., of counsel.

---

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HUNTER,* Senior District Judge.

PER CURIAM.

Marjorie A. Wurdemann appeals from the judgment of the district court, the Honorable Edward J. Devitt presiding, entered against her for income taxes due for the years 1960 through 1965 in the amount of $31,761.96 and setting aside as fraudulent the transfer of a piece of real estate, dated December 31, 1968, from Marjorie A. Wurdemann, individually, to herself as trustee of a trust established for the benefit of her children. We affirm.

On December 16, 1968, the Internal Revenue Service sent Marjorie and Arthur Wurdemann, husband and wife, a statutory notice of deficiency regarding their income tax liability for the income tax years 1960, 1961 and 1962. At that time their tax returns for the years 1963 through 1965 were also being audited. Assessment of the 1960 through 1962 deficiency was stayed by the Wurdemanns' filing of a petition in the United States Tax Court.[1] On December 31, 1968, Marjorie Wurdemann conveyed title to a piece of property, known as the Morris farm, to herself in her capacity as trustee for the benefit of her children.[2] The property was mortgaged to the Morris County State Bank in August of 1971. Tax deficiencies totalling $31,697.11 for the periods 1960 through 1962 and 1963 through 1965 were assessed as of October 16, 1970, and September 24, 1971. In March of 1973 Mrs. Wurdemann, acting in an individual capacity, listed the farm with a real estate company and shortly thereafter executed an earnest money contract for sale of the farm with Duane and Helen Kolden.

Because of the outstanding tax assessments the Koldens brought an action for specific performance in state court, and the Morris County State Bank foreclosed upon its mortgage on January 23, 1974. The Koldens paid that portion of the contract price sufficient to satisfy the mortgage lien to the bank and paid the balance of the contract price into the Stevens County Court pending the outcome of this proceeding.

On appeal from the district court's judgment Wurdemann contends that the government's claim was barred by the state statute of limitations and that the district court erred in finding that the conveyance was fraudulent.

We find the statute of limitations argument to be without merit. It is well settled "[T]he United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights..." *United States v. Fernon*, 640 F.2d 609, 612 (5th Cir. 1981) *quoting United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940).

Wurdemann argues that the facts do not support the district court's finding of a fraudulent transfer. The record clearly demonstrates substantial evidence supporting the district court's finding. In addition the district court found Wurdemann's testimony not to be credible. The factual determinations of the district court cannot be set aside upon appeal unless shown to be clearly erroneous. *Lindsay v. McDonnell Douglas Aircraft Corp.*, 485 F.2d 1288, 1289 (8th Cir. 1973).

In light of the circumstances surrounding this transaction and the strong evidence relating to Mrs. Wurdemann's financial condition at the time of the transaction, along with all evidence of the pending tax liability, the district court's finding that the conveyance was fraudulent is fully supported by the evidence and is not clearly erroneous.

The judgment is affirmed.

---

* Elmo B. Hunter, Senior District Judge, Western District of Missouri, sitting by designation.

1. Arthur Wurdemann died on February 28, 1970, and was dismissed as a party to the tax court proceedings.

2. The trust instrument was executed on December 31, 1968, but was not filed until August 30, 1971.