Ray E. VANCE, Appellant,

v.

Joseph B. STEVENS, M.D., Appellee,

The UpJohn Company.

No. 90–2526.

United States Court of Appeals,
Eighth Circuit.

Submitted March 22, 1991.

Decided April 19, 1991.

Anthony Sestric, St. Louis, Mo., for appellant.

Kenneth Bean, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG, and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Ray E. Vance, a Missouri resident, appeals the district court's [1] grant of summary judgment for Joseph B. Stevens, a psychiatrist who treated Vance in Texas, in this medical malpractice action. Vance is a former airline employee who worked in Texas as a mechanic. During treatment for a major depressive disorder from September 12, 1983, until May 1, 1985, Stevens prescribed Halcion for Vance. While at work on November 13, 1985, Vance became aggressive, and caused serious damage to two airplanes. His employer subsequently terminated his employment. Vance brought this action against Stevens on January 24, 1990, alleging that the doctor knew or should have known that Halcion could cause amnesia, increased aggression, and loss of coordination.

The district court granted summary judgment for Stevens on the ground that the suit was barred under the two-year medical malpractice statute of limitations of Missouri or Texas. Mo.Rev.Stat. § 516.105 (1986); Tex.Rev.Civ.Stat.Ann. art. 4590i § 10.01 (Vernon 1987). The district court also denied Vance's motion to amend the judgment in which Vance argued that, under Texas law, his mental disability tolled the statute of limitations. Predicting the Texas Supreme Court's like-

---

1. The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

ly resolution of conflicting state court of appeals decisions on this issue, the district court concluded that Vance would be required to show that his mental disability prevented him from pursuing this suit within the limitations period. In light of Vance's failure to controvert Stevens's summary judgment motion with affidavits, and on the basis of undisputed facts in the record, the district court ruled that Vance failed to show his mental disability prevented him from timely pursuing this suit.

We review de novo the district court's grant of summary judgment. *See Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir.1989). We will affirm if the record does not reveal a genuine issue of material fact and Stevens is entitled to summary judgment as a matter of law. *See id.* In accordance with the Supreme Court's recent directive in *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1219–21, 113 L.Ed.2d 190 (1991), we review de novo the district court's state-law determinations.

■ When a tort occurs in a foreign jurisdiction, as in this case, Missouri applies the statute of limitations of the foreign jurisdiction through the Missouri borrowing statute. Mo.Rev.Stat. § 516.190 (1986); *Dorris v. McClanahan*, 725 S.W.2d 870, 872 (Mo.1987) (en banc). The Texas statute of limitations applied because Stevens's alleged negligence occurred in that state. As to whether Vance's mental disability tolled the statute of limitations, however, the law of Missouri applied. *See Dorris*, 725 S.W.2d at 872 (Missouri tolling statute applied to foreign statute of limitations adopted through borrowing statute where Missouri resident brought suit for injuries suffered during minority).

■ The Missouri tolling statute for minors and the mentally disabled expressly excepts from its operation the medical malpractice statute of limitations. Mo.Rev. Stat. § 516.170 (Supp.1990). Vance correctly argues that, as applied to minors, the Missouri Supreme Court has declared this provision unconstitutional under the state constitution. *See Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7 (Mo.1986) (en banc).

Vance has not cited, however, and we have not found, a Missouri case holding this provision unconstitutional as applied to the mentally disabled. Even assuming the Missouri Supreme Court would so hold, we conclude the district court correctly determined that Vance could not prevail in any event. Vance failed to provide the affidavits of his treating physicians or other experts to establish a genuine issue of material fact for trial as to his mental disability. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Accordingly, we affirm.