**UNITED STATES of America, Plaintiff,**

v.

**Bobby G. BARTLETT; Virginia L. Bartlett; Mike B. Sherow; W.D. Short; McPherson, Bauer, Pike & Pike; Paula C. Graves; and Marjorie O. Short, Defendants.**

Civ. A. No. 91–1336–B.

United States District Court,
D. Kansas.

Sept. 15, 1992.

Stephen K. Lester, Office of U.S. Atty., Wichita, Kan., for plaintiff.

Dan W. Forker, Jr., Reynolds, Peirce, Forker, Suter & Rose, Randall H. McEwen, Hutchinson, Kan., for defendants.

MEMORANDUM AND ORDER

BELOT, District Judge.

The United States brings this action on behalf of the Farmers Home Administration (FmHA) for judgment on two loans made to Bobby G. Bartlett and Virginia L. Bartlett and for foreclosure of two mortgages securing the loans. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1345. This matter comes before the court on the United States' motion for summary judgment against defendants Bobby G. Bartlett and Virginia L. Bartlett. (Doc. 17)

Farmers Home Administration (FmHA) made loans of $104,000 and $40,000 to Bobby G. Bartlett and Virginia L. Bartlett on October 1, 1979 and May 21, 1981, respectively. The loans were secured by two mortgages of real estate located in Stafford County, Kansas. The Bartletts have failed to repay the loans according to the terms of the notes. The FmHA has accelerated the indebtedness and made demand for payment in full, but Bartletts have failed to make any payment. Plaintiff supports its statement of facts with a declaration under penalty of perjury of Ray E. Bartholomew, the Stafford County supervisor for the FmHA.

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Id.* at 323, 106 S.Ct. at 2553. Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 726 (10th Cir.1991); Fed.R.Civ.P. 56(e).

The defendants purport to controvert paragraph 4 of the United States' statement of uncontroverted facts. Paragraph 4 states the Bartletts owed FmHA the sum of $143,122.91 in unpaid principal, plus $112,700.92 in accrued interest as of February 7, 1991, with interest accruing at the daily rate of $38.667.

The Bartletts' response is wholly inadequate under Rule 56(e). Bartletts rely on a conclusory denial in their answer of the amount alleged to be owed. They do not provide any documentation of payments they have allegedly made or produce any portions of the record supporting their contention. Under Local Rule 206(c), "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." Accordingly, paragraph 4 of the United States' statement of uncontroverted facts is deemed admitted.

Under the terms of the two promissory notes, the Bartletts are in default and the United States is entitled to foreclose its mortgages securing the notes. Bartletts have demonstrated no genuine issue of material fact that would preclude summary judgment. The United States' motion (Doc. 17) for summary judgment is hereby granted.

IT IS SO ORDERED.