**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John WARD and Lowann J. Ward, Defendants–Appellants.**

No. 92–7068.

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1993.

---

Jeffrey A. Knishkowy (Robert Huddle, Office of the Gen. Counsel, U.S. Dept. of Agriculture; and John Raley, U.S. Atty., and Ralph F. Keen, Asst. U.S. Atty., Muskogee, OK, with him on the briefs), Washington, DC, for plaintiff-appellee.

George W. Braly of Braly & Braly, Ada, OK, for defendants-appellants.

Before MOORE, BRORBY, and EBEL, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

The single issue presented in this appeal is whether the six-year statute of limitations established in 28 U.S.C. § 2415(a) applies to an action by the United States to foreclose its mortgage on real estate securing government loans. The district court held § 2415(a) applies only to actions for money damages brought by the United States and granted summary judgment in the government's favor ordering foreclosure on mortgages securing loans in excess of $1 million on which borrowers, John Ward and Lowann J. Ward, never made any payment. We agree with the conclusion reached by the district court and affirm.

On September 25, 1979, the Wards executed and delivered installment notes to the government evidencing loans exceeding $1 million they received from the Farmers Home Administration (FmHA). The notes were secured by various mortgages. The Wards made no payments on the notes after September 25. In 1980, the FmHA accelerated the indebtedness under express acceleration clauses in the notes. However, on November 14, 1983, an injunction was issued in *Coleman v. Block,* 580 F.Supp. 194 (D.N.D.1984), prohibiting the

FmHA from accelerating loans and instituting foreclosure actions until it corrected its loan deferral procedures. On June 20, 1984, the FmHA reversed the acceleration of the Wards' debt; however, after FmHA implemented the new procedures required by *Coleman,* it again accelerated the Wards' indebtedness on July 16, 1990. The government brought the underlying foreclosure action on May 15, 1991.

The Wards moved for summary judgment on the foreclosure based on the six-year statute of limitations in 28 U.S.C. § 2415(a).[1] The government cross-moved arguing § 2415(a) did not apply to foreclosure actions. Alternatively, the government urged the *Coleman* injunction and its subsequent action to "de-accelerate" the loans tolled the statute of limitations in any case; therefore, the 1991 foreclosure action was timely.

Specifically eschewing the tolling issue, the district court instead relied on subsection (c) of 28 U.S.C. § 2415 which states:

(c) Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property.

The explicit language in § 2415(a) limiting its effect to "every action for money damages," when combined with subsection (c), satisfied the district court that § 2415(a) does not bar the government's foreclosure action. In so deciding, the court recognized that no circuit court has addressed the question, although at least four district court decisions have now so held. *Westnau Land Corp. v. United States Small Bus. Admin.,* 785 F.Supp. 41, 43 (E.D.N.Y.1992); *United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991); *United States v. Copper,* 709 F.Supp. 905 (N.D.Iowa 1988); *Gerrard v. United States Office of Educ.,* 656 F.Supp. 570 (N.D.Cal.1987).

The Wards contend the court's conclusion will permit the United States to fore-

---

1. The pertinent part of that section reads:
 [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be

 barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law....

close on a mortgage "a millennium from now." Forthrightly conceding that all published cases remain contrary to their position, the Wards claim those decisions "are all misconceived" and should not be followed. They urge because our review is de novo we should adopt the Oklahoma statute of limitations for mortgage liens as a matter of national policy.

In Oklahoma, the Wards state, it is well settled:

> A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation.

Okla.Stat. tit. 42, § 23 (1991). The Wards interpret this section to invoke 28 U.S.C. § 2415(a) as the "provision[ ] of civil procedure" which triggers the running of the time during which a mortgage can be foreclosed by the United States in Oklahoma. As a consequence, they argue, the mortgages the government sought to foreclose have lapsed and are unenforceable.

They further contend Oklahoma law must prevail because there is no federal law to govern mortgage foreclosure actions. The Wards argue § 2415(c) offers no solace because a mortgage foreclosure neither establishes title nor a right of possession of real or personal property.

The Wards claim under Oklahoma law a mortgage foreclosure suit causes property to be sold at public auction and applies the proceeds to the underlying, *existing* debt. They deduce the mortgage is "incidental" to the debt, and the debt here has been extinguished by operation of law; therefore, the government's action cannot be termed an action to establish title or right of possession.

■ In response, the government argues, first, the plain language of § 2415(a) makes it inapplicable to foreclosure which is an equitable action. The maxim, time does not run against the sovereign, combined with the principle that the United States is not bound by a statute of limitations unless Congress has explicitly expressed one, *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960), also undergirds

the plain language to preclude implying its extension to equitable actions, the government states. Finally, if a statute of limitations is to run against the United States, it must be strictly construed. *Badaracco v. Commissioner*, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984). We agree with these general principles.

Second, the weight of authority supports the district court's conclusion § 2415(a) does not bar the foreclosure action, the government states, citing *Cracco v. Cox*, 66 A.D.2d 447, 414 N.Y.S.2d 404 (1979). In holding the FmHA was not time-barred from foreclosing on its mortgage, the *Cracco* court observed, "it is a long-standing rule that the right to foreclose a mortgage securing a debt is distinct from the right to bring an action for money damages on the note or bond representing the debt." *Id.*, 414 N.Y.S.2d at 405. Similarly, *Copper, Curry v. Small Bus. Admin.*, 679 F.Supp. 966 (N.D.Cal.1987), and *Gerrard*, relied upon by the district court, held § 2415(a) may cut off a civil action on a note, but the government may still foreclose on the mortgage securing the debt. Again, we agree.

Third, the government cites legislative history, also noted in *Cracco*, in which the Attorney General informed the Senate, "The general rule is that there is no limitation of time against the Government for bringing an action unless it is specifically authorized by statute." S.Rep. No. 1328, 89th Cong. 2d Sess. 2 (1966), *reprinted in* 1966 U.S.Code Cong. & Admin.News 2502, 2512–13. The bulk of the legislative history underscores § 2415(a) was intended to apply to money damages based on contract alone. This reading is buttressed by § 2415(c), the government argues, highlighting the contrast to money damages.

■ Fourth, in Oklahoma, a mortgage conveys only a lien interest in the property to the mortgagee, the government asserts. *Teachers Ins. & Annuity Ass'n of Am. v. Oklahoma Tower Assocs. Ltd.*, 798 P.2d 618 (Okla.1990). Only after foreclosure proceedings does the mortgagee obtain title and the right to possession of the mort-

gaged property. Thus, the government correctly explains, in Oklahoma, a mortgage foreclosure results in an action identified in § 2415(c).

We believe the argument advanced by the Wards is merely facile and fails to appreciate a number of factors. First, as noted by the government in oral argument, the documents signed by the Wards upon which the foreclosure is predicated, contain a clause in which they agreed,

> the Government will not be bound by any present or future State laws, ... (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations....

The Wards attempt to avoid the clear implication of this agreement by arguing Okla. Stat. tit. 42, § 23, is not a "statute of limitations." The contrary is evident, however, because the clear import of the statute is to limit the time within which an Oklahoma mortgage can be enforced.

 Ultimately, it is unnecessary to even reach this point. The basic reason why the Wards cannot prevail is that federal law governs issues involving the rights of the United States arising under nationwide federal programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 725, 99 S.Ct. 1448, 1456–57, 59 L.Ed.2d 711 (1979); *see also United States v. Bellard*, 674 F.2d 330, 334 n. 6 (5th Cir.1982). Consequently, because the underlying loans were made to the Wards by the Farmers Home Administration of the Department of Agriculture and emanated from the Farm and Rural Development Act of 1949, a nationwide federal program, the government is not affected by Oklahoma's lien expiration law. *See Copper*, 709 F.Supp. at 907. Thus, if the government is barred from the enforcement of the mortgage, the limitation must come from federal law.

No such limitation exists. As the trial court noted, 28 U.S.C. § 2415(a), by its own unambiguous terms does not apply to mortgage foreclosures. When § 2415(a) is read in connection with § 2415(c), as it must, there is no room for argument. Because the district court committed no error, its judgment is AFFIRMED.