5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Larry G. SELLAND, Appellant,
Debra K. SELLAND; Wolf's Farm Equipment; Zora, Inc., Defendants.
Larry G. SELLAND, Appellant,
v.
Stephen D. EASTON, individually and in his official
capacity; Clare R. Hochhalter, individually and in
his official capacity, Appellees.
 No. 93-1719.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 9, 1993.
Filed: September 14, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this foreclosure action, Larry G. Selland timely appeals from the District Court's[1] order granting summary judgment in favor of the United States and third-party defendants.[2] We affirm.
 
 
 2
 Over a four-year period beginning in 1981, Larry and Debra Selland executed five promissory notes, secured by real and personal property, in favor of the Farmers Home Administration (FmHA). In August 1992, the United States, on behalf of the FmHA, filed a complaint seeking foreclosure. Selland answered with broad allegations of fraud, violations of due process, and breach of contract and raised as defenses lack of subject matter jurisdiction and improper venue. The District Court granted the government's motion for summary judgment. In rejecting Selland's arguments, the District Court found that it possessed subject matter jurisdiction, that venue was proper, and that Selland had been in default for over ten years.
 
 
 3
 On appeal, Selland argues the District Court violated his right to due process when it denied his request for a hearing; the complaint improperly designates the United States as plaintiff; venue was improper; the District Court lacked jurisdiction; and the Constitution and law of North Dakota recognizes a homestead exemption for debtors.
 
 
 4
 Selland does not dispute that he defaulted on the notes and his broad, conclusory allegations concerning a breach of contract, without more, fail to raise a genuine issue of material fact. See, Miller v. Solem, 728 F.2d 1020, 1024 (8th Cir.) cert. denied, 469 U.S. 841 (1984). Thus, the District Court properly denied Selland's motion for a hearing. Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam).
 
 
 5
 Moreover, because the United States commenced this proceeding, the District Court possessed jurisdiction to hear the case. 28 U.S.C. Sec. 1345. Venue is proper in the judicial district in which the claim arose. 28 U.S.C. Sec. 1391(b). Because the property subject to foreclosure was located in the District of North Dakota, venue was proper in the court there. Furthermore, inasmuch as FmHA is a government agency, the United States was the proper party to maintain this action.
 
 
 6
 Selland's argument that North Dakota law entitles him to a homestead exemption lacks merit. As the government points out, paragraph 19 of the mortgage clearly stated that Selland waived the benefit of any present or future state laws providing for homestead exemptions.
 
 
 7
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota
 
 
 [2]
 The government obtained default judgment against Debra K. Selland, Wolf's Farm Equipment, and Zora, Inc., and they have not appealed