16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Perry MOSEANKO, Appellant,
Mary MOSEANKO; Agnes Moseanko; First National Bank in
Minot, a corporation; Norwest Bank Minot;
National Association, a corporation;
Trinity Hospital, Defendants.
 No. 93-1777.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: January 21, 1994.
 
 Appeal from the United States District Court for the District of North Dakota
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Perry Moseanko appeals from the final orders entered in the District Court[1] for the District of North Dakota confirming the sale of farm property following mortgage foreclosure and denying Moseanko's motion to vacate a default judgment entered against him. Moseanko argues that the district court should have vacated the default judgment because the court lacked subject matter jurisdiction to enter the judgment and that the district court lacked jurisdiction to confirm the sale. For the reasons discussed below, we affirm the orders of the district court.
 
 
 2
 The United States filed its complaint for foreclosure in July 1992, claiming that Moseanko owed more than $239,000 to the Farmers Home Administration (FmHA).[2] Moseanko acknowledged service by mail, but he did not answer the complaint. The United States moved for default judgment after providing Moseanko notice of its intention to do so. On September 14, 1992, the district court entered its judgment of foreclosure for the United States and ordered the United States Marshal to sell the property. Moseanko then filed numerous documents, including a notice of appeal, but we dismissed the appeal as untimely filed. United States v. Moseanko, No. 93-1006 (8th Cir. Jan. 28, 1993) (order). The district court confirmed the sale of the property to the United States and denied Moseanko's motion under Fed. R. Civ. P. 60(b) to vacate the default judgment.
 
 
 3
 Moseanko argues that the district court should have vacated its default judgment for lack of subject matter jurisdiction because the North Dakota Legislature had not ceded the land in question to the United States and only the State of North Dakota could exercise jurisdiction over the land. Because the court had subject matter jurisdiction to hear this foreclosure suit under 28 U.S.C. Sec. 1345, the court did not abuse its discretion in denying the motion to vacate. See United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam) (Rule 60(b) provides extraordinary relief and denial of motion is reviewed for abuse of discretion), cert. denied, 484 U.S. 836 (1987). Contrary to Moseanko's claim, venue was proper in the North Dakota district court.
 
 
 4
 Moseanko also argues that the district court lacked jurisdiction to confirm the sale because no law permits a United States Marshal to sell real property within the boundaries of the State of North Dakota. Federal law provides, however, that a United States Marshal and his or her deputies may exercise the same powers as a sheriff, 28 U.S.C. Sec. 564, and Moseanko concedes that a North Dakota county sheriff could have conducted the sale.
 
 
 5
 Moseanko attempts to attack the underlying September 1992 judgment, but his challenge is not properly before us.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota
 
 
 [2]
 Although Moseanko's wife and mother and three creditors were named as defendants below, only Moseanko appeals