**UNITED STATES of America, Plaintiff,**

v.

**WARREN BROWN & SONS FARMS, a partnership consisting of Warren H. Brown, Mary O. Brown, Dennis L. Brown, Dianne L. Brown, James D. Brown, and Pamelia A. Brown; Glen Norris, d/b/a Norris Spraying Service; Edward Schafer Lime Spreading Service; AG–PRO; Thermogas of Des Arc, Inc., n/k/a Mapco Gas Products, Inc.; Ceramic Arts Center; Thibault Milling Company; Dave Richards; M.M. Cohn Company; and Federal Land Bank of St. Louis, n/k/a Agribank, Defendants.**

Civ. No. LR–C–92–477.

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 29, 1994.

Judgment entered Nov. 3, 1994.

Patrick C. Harris, Richard M. Pence, Jr., U.S. Atty's Office, Little Rock, AR, for plaintiff U.S.

Warren H. Brown, pro se.

Mary O. Brown, pro se.

Robert J. Brown, Crockett, Brown & Worsham, P.A., Little Rock, AR, for defendants Dennis L. Brown, Dianne L. Brown.

James D. Brown, pro se.

Bill Penix, Penix, Penix & Lusby, Jonesboro, AR, for defendant Thermogas of Des Arc, Inc. aka Mapco Gas Products, Inc.

W.J. Walker, Little Rock, AR, for defendant Ceramic Arts Center.

Raymond A. Harrill, Little Rock, AR, for defendant Dave Richards.

John W. Fink, Jack, Lyon & Jones, P.A., Little Rock, for defendant M.M. Cohn Co.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

EISELE, District Judge.

### I. INTRODUCTION

Before the Court is a motion for summary judgment[1] filed by the United States, acting through the Farmers Home Administration ["FmHA"], as well as a cross-motion for summary judgment[2] filed by defendant David Richards. Defendant Mary O. Brown[3] has filed a response[4] opposing the FmHA's motion, while defendant Thermogas of Des Arc., Inc., n/k/a Mapco Gas Products, Inc., has

1. Document Nos. 28 & 29.

2. Document Nos. 33 & 34.

3. Ms. Brown has referred to herself as "Odene" in her documents filed with the Court.

4. Document Nos. 30–32.

indicated[5] that it does not object to the Court's entering summary judgment in favor of the FmHA. Since none of the remaining defendants have responded to the FmHA's motion,[6] the Court will consider these non-responding parties as having consented to the relief sought by the FmHA.[7] *Cf.* E.D.Ark.R. C–10(b) & (c). For the reasons expressed in the following opinion, the FmHA's motion for summary judgment will be granted.

## II. UNDISPUTED FACTUAL BACKGROUND

This is a foreclosure action involving three mortgages which were executed to secure various loans underwritten by the FmHA.[8] During the period spanning June 29, 1979 through April 27, 1981, defendant Warren Brown & Sons ("the partnership"), a partnership apparently organized under the laws of Arkansas,[9] obtained six emergency loans from the FmHA. Promissory notes[10] were executed in connection with these each of these loans, all of which were signed by defendants Warren H. Brown, Mary O. Brown, Dennis L. Brown, and James D. Brown; Dianne L. Brown and Pamelia A. Brown were parties to only the last two notes. Moreover, all of the signatories to these notes were liable thereunder in both their individual capacities and as members of the partnership. The total amount advanced

under these loans was $495,240.00, and each was secured by mortgages[11] on several parcels of real property located in Arkansas' Prairie and Lonoke Counties. According to an affidavit[12] submitted by Mark L. Petty, the FmHA supervisor for Prairie County, all but one of these mortgaged properties have been previously liquidated. The lone remaining parcel is the subject of the present foreclosure action, namely:

> A part of Block Sixty–One (61), Hudspeth's Addition to the Town of Hazen, Arkansas, being more particularly described as follows, to wit: Beginning at the Southeast corner of said Block 61, thence run North along the East boundary line of said block 61 a distance of 150 feet to a point; thence run West a distance of 122.31 feet to a point; thence run South parallel to the said East boundary line of said Block 61 a distance of 150 feet to a point; thence run East a distance of 122.31 feet to the point of beginning.

As evidenced by a second affidavit submitted by Mr. Petty,[13] the partnership has failed to make the payments required under the terms of the above-mentioned notes. This non-payment has resulted in a delinquency which as of April 26, 1994 totaled $537,649.29, with interest continuing to accrue at a daily rate of $55.4426. Pursuant to the notes'

---

5. Document No. 35.

6. On February 17, 1993, the Court entered an order (Document No. 27) dismissing defendants Dennis L. Brown and Dianne L. Brown from this action.

7. As will be discussed *infra*, the Court is satisfied that the affidavits supplied by the FmHA (Document Nos. 29 & 39) demonstrate that no material issues of fact remain to be determined at trial. *See* Fed.R.Civ.P. 56(c). The Court may therefore consider the non-responding parties to have consented to the FmHA's motion. *Cf. Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–61, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Heath v. John Morrell & Co.*, 768 F.2d 245, 249 (8th Cir.1985).

8. This Court accordingly has jurisdiction pursuant to 28 U.S.C.A. § 1345 (West 1993). *United States v. Bartlett*, 144 F.R.D. 118 (D.Kan.1992); *see also United States v. Moseanko*, 16 F.3d 1229, 1994 WL 13755 at *1 (8th Cir. Jan. 21, 1994) (unpublished disposition).

9. The record does not specifically indicate that this enterprise was an Arkansas partnership. However, since all of its partners are Arkansas citizens and its primary business involves an Arkansas-based farming operation, it is reasonable to assume that the partnership was organized under Arkansas law.

10. Document No. 1, exh. A–F. These notes were standard form documents (FmHA form 1940–17), and other than the terms relating to the principle, interest rate (ranging from 3% to 13%) and repayment period (ranging from one to forty years), their provisions were substantially similar.

11. Document No. 1, exh. G–I. Although only three mortgages were executed, these instruments operated to secure all six notes.

12. Document No. 29, exh. 1.

13. Document No. 39.

provisions governing borrower default,[14] the FmHA accelerated the notes and declared the entire outstanding balance to be due and owing. Despite having received the FmHA's notice of default and demand for payment, neither the partnership nor the individual borrowers have made any effort to satisfy their payment obligations. Since no evidence has been submitted to the Court disputing the factual accuracy of Mr. Petty's affidavits, the Court considers the factual question of the borrowers' non-payment to be undisputed. *Cf.* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Vance v. Stevens,* 930 F.2d 661, 662 (8th Cir.1991).

Faced with the borrowers' persistent non-payment, the FmHA commenced this foreclosure proceeding. It is undisputed that the FmHA has properly served all persons holding an interest in the subject property,[15] namely the borrowers and any identified lienholder-creditors.

### III. Discussion

The standard governing the Court's consideration of a motion for summary judgment is well-established. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only when " 'the pleadings ... on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510,

91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(c)). As previously discussed, it is undisputed that the borrowers are currently in default on their obligations under the notes. Further, Mr. Petty's second affidavit indicates that the borrowers were "sent, by certified mail, all required notices advising them of the availability of loan service programs for delinquent farm borrowers ... [and that the] borrowers were afforded all rights regarding FmHA Primary Loan Service Programs and Preservation Loan Service Programs." [16] It was, therefore, clearly within the FmHA's authority to institute this foreclosure proceeding.[17] *See* 7 C.F.R. § 1955.15 (1993); *cf. United States ex rel. Farmers Home Administration v. Nelson,* 969 F.2d 626, 630 n. 3 (8th Cir.1992). Moreover, no party has raised any challenge to the general enforceability of either the loan or the mortgage agreements. Thus, this foreclosure action is ripe for summary adjudication, and in the absence of an affirmative defense the FmHA will be entitled to summary judgment. *See Federal Land Bank of St. Louis v. Hopmann,* 658 F.Supp. 92, 94–95 (E.D.Ark.1987); *cf. United States v. Winthrop Towers,* 628 F.2d 1028, 1036 (7th Cir. 1980).

### A. The Limitations Defenses

■■ In opposition to the FmHA's motion, and in support of his own cross-motion for summary judgment, Mr. Richards argues that the FmHA is time-barred from main-

---

**14.** Each note provides that "[f]ailure to pay when due any debt evidenced [by the note] ... shall constitute default," and such a default entitles the FmHA to "declare all or any part of any such indebtedness immediately due and payable."

**15.** Document Nos. 4–10; 15–18; 21–16.

**16.** This affidavit contains copies of the notices sent to the borrowers (Document No. 39 exh. 1–3), as well as return receipts which were signed and returned to the FmHA.

**17.** Ms. Brown's attorney has stated that "[o]n belief it is alleged that [the] FmHA ... has not provided [Ms. Brown] her full administrative remedies with regard to the lease/purchase programs pertaining separately to homestead properties." However, no affidavit or other evidence

has been submitted to support this allegation, and this unsworn statement, based on the belief of Ms. Brown's attorney rather than his personal knowledge, "is inadequate to demonstrate the existence of issues of fact to survive a Rule 56 motion." *Postscript Enters. v. City of Bridgeton,* 905 F.2d 223, 226 (8th Cir.1990). Moreover, Ms. Brown has never suggested that she was ever denied any of her administrative rights of appeal, *see* 7 C.F.R. § 1900.55(a) (1993), and the exhibits accompanying Mr. Petty's second affidavit (Document No. 39, exh. 4–9) clearly illustrate that Ms. Brown has, in fact, exhausted her administrative remedies in connection with the instant foreclosure proceeding. The Court is therefore satisfied that no disputed issue of material fact exists concerning the FmHA's affording Ms. Brown her administrative remedies.

taining this foreclosure action.[18] In an action based on federal law, it is well-settled that the United States is not bound by any statute of limitations unless Congress has expressly so provided.[19] *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 308, 81 S.Ct. 1, 5–6, 5 L.Ed.2d 1 (1960); *see also United States v. California,* ── U.S. ──, ──── ────, 113 S.Ct. 1784, 1790–91, 123 L.Ed.2d 528 (1993). Mr. Richards argues that this foreclosure action is covered by the statute of limitations set forth in 28 U.S.C.A. § 2415(a) (West 1994), which provides:

> [E]very action for money damages brought by the United States or an ... agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

The Court concludes that this statute, by its express terms, has no application in the present case. Quite simply, a foreclosure action is not an "action for money damages ... founded upon a contract"—it is an action *in rem* which allows a creditor to seize and sell mortgaged property in an effort to satisfy the contractual obligations of its debtor. *United States v. Alvarado*, 5 F.3d 1425, 1429 (11th Cir.1993). Thus, even though the FmHA is time-barred from instituting a contract action against the borrowers for their breach of the various promissory notes,[20] see *id.* at 1428, the FmHA is nevertheless permitted to foreclose upon the mortgage it holds on the above-identified property.[21] *Id.* at 1428–30; *United States v. Ward*, 985 F.2d 500, 503 (10th Cir.1993); *United States v. Succession of Siddon*, 812 F.Supp. 674, 676

18. The answer of James D. Brown (Document No. 13) also raised a generic limitations defense, though this defendant has not responded to the FmHA's motion and has not otherwise explained the basis for his assertion of this defense.

19. The FmHA urges the Court to enforce a clause found in each of the mortgages purporting to waive any defense afforded by a statute of limitations. The Court declines this invitation, noting that such clauses are generally held to be unenforceable. *See, e.g., First Nat'l Bank of Eastern Ark. v. Arkansas Dev. Financing Auth.*, 870 S.W.2d 400, 402–03 (Ark.Ct.App.1994); *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 415 N.Y.S.2d 785, 789, 389 N.E.2d 99, 103 (1979); *Hirtler v. Hirtler*, 566 P.2d 1231, 1232 (Utah 1977); *see also* 1A Arthur Corbin, *Corbin on Contracts* § 218 (1963); 1 Samuel Williston, *Treatise on the Law of Contracts* § 183 (Walter H. Jaeger, ed., 3d ed. 1957).

20. The Court notes that the FmHA is in fact precluded from maintaining such an action. One of the notes executed by the borrowers matured on April 26, 1982, while another matured on June 28, 1986. The six-year statute of limitations has been running on these notes since their dates of maturity, *see Federal Deposit Ins. Co. v. Bledsoe*, 989 F.2d 805, 807 (5th Cir.1993); *Federal Deposit Ins. Co. v. Peterson*, 770 F.2d 141, 142–43 (10th Cir.1985), and since the present action was not commenced until July 24, 1992, this litigation is clearly outside the six-year limitations period governing these notes.

This analysis does not apply to the remaining four notes, however, as they have not yet matured. When a borrower defaults upon an unmatured note, the statute of limitations does not become operative immediately upon default. Rather, " '[b]efore the limitations period begins to run, a lender must, at least, have invoked the

acceleration clause of the loan agreement.' " *United States v. Vanornum*, 912 F.2d 1023, 1026 (8th Cir.1990) (quoting *United States v. Feterl*, 849 F.2d 354, 356 (8th Cir.1988)). Since the FmHA exercised its acceleration option against the borrowers on February 5, 1987, the limitations period governing these four notes expired on February 4, 1993, more than five months prior to the commencement of the present litigation.

The Court recognizes that the FmHA became subject to a court order restricting its ability to commence this foreclosure action subsequent to the borrowers' default. See *Coleman v. Block*, 580 F.Supp. 194, 211 (D.N.D.1984). However, since the terms of this injunction did not totally prohibit the FmHA from foreclosing on the borrowers' property, this injunction did not toll the running of the statute of limitations against the FmHA. *See Vari-Build, Inc. v. City of Reno*, 622 F.Supp. 97, 100–01 (D.Nev.1985).

21. The Court recognizes that the FmHA previously had in effect a regulation which stated that § 2415(a) "places a 6–year limitation on suits to ... foreclose security instruments." 7 C.F.R. § 1927.5(b) (1991). However, this regulation has since been repealed because the FmHA became convinced that its "interpretation of [§ 2415(a) ] [was] erroneous and contrary to current Federal and State court decisions." 56 Fed. Reg. 943 (Jan. 10, 1991). Accordingly, the FmHA's prior regulation has no effect on its ability to bring this action, *United States v. Alvarado, supra*, 5 F.3d at 1429–30, nor does it impact upon the Court's interpretation of § 2415(a). *See id.* at 1430 (citing *Chevron, USA, Inc. v. Natural Resources Defence Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984)).

(W.D.La.1993); *Cummings v. Farmers Home Admin.,* 825 F.Supp. 769, 771 (N.D.Tex.1992); *United States v. Copper,* 709 F.Supp. 905, 908 (N.D.Iowa 1988); *see also Westnau Land Corp. v. United States Small Business Admin.,* 1 F.3d 112, 115–16 (2d Cir.1993). Consequently, the Court concludes that the FmHA's present foreclosure action is not barred by the statute of limitations set forth in § 2415(a).[22]

▮ Since Congress has not established a statute of limitations applicable to foreclosure actions, *see United States v. Alvarado, supra,* 5 F.3d at 1428 n. 9, Mr. Richards argues that the Court should apply the Arkansas statute of limitations which bars a foreclosure action from being commenced after the limitations period governing the underlying obligation (in this case, six years) has expired. See Ark.Code Ann. § 18–49–101(a) (Michie 1987). However, as a general rule federal law, not state law, governs the United States' rights arising under nationally administered federal programs. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *United States v. Kukowski,* 735 F.2d 1057, 1058 (8th Cir.1984). While state law may, in certain circumstances, be applied to fill a void in the applicable federal law, *see United States v. Kimbell Foods, Inc., supra,* 440 U.S. at 728–29, 99 S.Ct. at 1458–59, this principle plainly has no application in the present context. As noted above, the United States cannot, in this federal cause of action, become bound by a statute of limitations in the absence of an express provision by Congress. *United States v. John Hancock Mut. Life Ins. Co., supra,* 364 U.S. at 308, 81 S.Ct. at 5–6. A necessary corollary to this legal

maxim is that, in the context of such an action, "the United States ... [cannot be] bound by a state statute of limitations." *United States v. Summerlin,* 310 U.S. 414, 417, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *see also United States v. John Hancock Mut. Life Ins. Co., supra,* 364 U.S. at 308, 81 S.Ct. at 5–6; *Karras v. Karras,* 16 F.3d 245, 246 (8th Cir.1994); *United States v. Wurdemann,* 663 F.2d 50, 51 (8th Cir.1981). The Court therefore concludes that the FmHA was not bound to comply with § 18–49–101(a) of the Arkansas Code in the present case. *Accord United States v. Ward, supra,* 985 F.2d at 503; *United States v. Copper, supra,* 709 F.Supp. at 907; *but see United States v. Thornburg,* 835 F.Supp. 543, 546–49 (E.D.Cal.1993).[23]

▮ The Court also rejects Ms. Brown's argument that the FmHA's foreclosure action is barred under the doctrine of laches. It is well-settled that, in an action governed by federal law, the United States is immune from the defense of laches. *United States v. Summerlin, supra,* 310 U.S. at 417, 60 S.Ct. at 1020; *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132–33, 58 S.Ct. 785, 788–89, 82 L.Ed. 1224 (1938); *United States v. Wurdemann, supra,* 663 F.2d at 51. Accordingly, the Court concludes that no temporal bar exists to prevent the FmHA from instituting the present foreclosure proceeding.

### B. The Preclusion Defenses

▮ Ms. Brown argues that the doctrines of issue preclusion (collateral estoppel) and/or claim preclusion (res judicata) should operate to bar the FmHA from maintaining

---

**22.** The Court recognizes that other courts have held that foreclosure actions are exempt from § 2415(a) by virtue of 28 U.S.C.A. § 2415(c) (1994), which excludes from the six-year limitations period all actions brought by the United States "to establish the title to, or right of possession of, real or personal property." *See, e.g., United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1489–90 (9th Cir.1993); *United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991). While a foreclosure technically qualifies as an action within the class identified by § 2415(c), *United States v. Ward, supra,* 985 F.2d at 503, the Court does not rely upon this exemption, having concluded that a foreclosure action is not, by definition, subject to the limitations period established by § 2415(a). *See id.; accord United States v. Alvarado, supra,* 5 F.3d at 1430 n. 20.

**23.** Contrary to the view expressed by the Magistrate Judge in *Thornburg,* see 835 F.Supp. at 549 n. 7, the Court believes that the holding in that case is patently inconsistent with the Ninth Circuit's opinion in *United States v. Dos Cabezas Corp., supra.* See 995 F.2d at 1489–90 ("We agree that ... the government's suit to foreclose ... constitute[s] an action [governed by] 28 U.S.C. § 2415(c) ... [and that] [t]he foreclosure action itself was not subject to *any limitations period.* ") (emphasis added).

the present action. In support of her argument, Ms. Brown places heavy reliance upon the FmHA's participation, as a lienholder-defendant, in two prior foreclosure actions commenced by defendant Federal Land Bank of St. Louis, n/k/a Agribank. These proceedings were held in Arkansas' state courts and involved various of the properties mortgaged to the FmHA in connection with the above-referenced promissory notes. However, as is plainly evident from the foreclosure decrees issued by the state courts,[24] the property which serves as the subject of the current litigation was in no way involved in a prior foreclosure proceeding.

In order for the doctrine of issue preclusion to operate as a bar in the present case, Ms. Brown must show that in the prior foreclosure proceedings:

(1) the issue sought to be precluded [is] ... the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Farmland Indus., Inc. v. Morrison–Quirk Grain Corp.*, 987 F.2d 1335, 1339 (8th Cir. 1993). Since neither of the prior foreclosures involved an adjudication of the parties' rights in the property which is currently in issue, the doctrine of issue preclusion is clearly inapplicable to this case. Similarly, since the

doctrine of claim preclusion applies only upon the prior entry of a final judgment addressing "the same claim," *i.e.*, the same rights or legal issues, which is currently in dispute, see *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 & n. 4, 101 S.Ct. 2424, 2427–28 & n. 4, 69 L.Ed.2d 103 (1981); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797, 802 (8th Cir.1992), this doctrine is likewise inapplicable to the present case.[25] Consequently, the Court concludes that neither claim preclusion nor issue preclusion offers Ms. Brown a defense to the FmHA's present foreclosure litigation.

### C. The Homestead Defense

Ms. Brown argues that the FmHA is precluded from maintaining this action because, under Arkansas law, the subject property is her homestead and is therefore immune from foreclosure by the FmHA. See Ark. Const. art. 9, § 3. Assuming, *arguendo*, that the subject property is in fact Ms. Brown's homestead, this does not bar the FmHA from foreclosing upon this property under the circumstances of the present case. At the outset, the Court notes that it is highly doubtful whether Ms. Brown's state-law homestead protections can serve as a defense to this foreclosure action, *cf. United States v. Rogers*, 461 U.S. 677, 694–705, 103 S.Ct. 2132, 2142, 76 L.Ed.2d 236 (1983), since the FmHA's rights in this case are determined by federal law.[26] *See United States v.*

24. Document No. 30, exh. A2–A3; F2.

25. The Court recognizes that claim preclusion has been construed as barring the subsequent litigation of issues "that could have been litigated[] in an earlier proceeding." *Armstrong v. Norwest Bank, Minneapolis, N.A., supra*, 964 F.2d at 802; *see also Federated Dep't Stores, Inc. v. Moitie, supra*, 452 U.S. at 398, 101 S.Ct. at 2427. However, since this aspect of the claim preclusion doctrine applies only to those issues that "involve the same nucleus of operative fact[s]," *Kolb v. Scherer Bros. Financial Servs. Co.*, 6 F.3d 542, 544 (8th Cir.1993), it does not require a party to present all of its factually and/or legally unrelated counterclaims in the prior proceeding. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1431–33 (8th Cir.1986); *see also* Fed.R.Civ.P. 13(b). Since the prior foreclosure actions did not involve the property that

is presently in issue, they cannot be viewed as having involved the same core of relevant facts as the present dispute. *See Great Plains Supply Co. v. Erickson*, 398 N.W.2d 732, 736–37 (N.D. 1986); *cf. In re Saylors*, 869 F.2d 1434, 1438 (11th Cir.1989). Moreover, under Arkansas law the FmHA was permitted, but not required, to assert any of its claims to this property in the prior actions. *See* Ark.R.Civ.P. 13(b); *cf. United–Bilt Homes, Inc. v. Sampson*, 864 S.W.2d 861, 863 (Ark.1993). Consequently, the prior foreclosure actions do not operate to bar the FmHA's present litigation. *See Harrison v. Springdale Water & Sewer Comm'n, supra*, 780 F.2d at 1431–33.

26. The Court notes that although the FmHA is required to afford delinquent borrowers certain homestead protections following foreclosure, see 7 U.S.C.A. § 2000 (West Supp.1994); 7 C.F.R.

*Kimbell Foods, Inc., supra,* 440 U.S. at 726–28, 99 S.Ct. at 1457–58. However, the Court need not resolve this issue, since it is clear that Ms. Brown has waived any state-law homestead rights that she may have held in the subject property. In conjunction with each of the three mortgages currently at issue, Ms. Brown executed a written waiver of all her rights of "dower and homestead" in the mortgaged properties,[27] including the property which lies at the center of the present litigation. Ms. Brown has offered no evidence which would suggest that these waivers were the product of either fraud or duress, nor has she ever claimed that the signatures on these documents are not her own.[28] Consequently, assuming, *arguendo,* that Arkansas law governs Ms. Brown's homestead rights in the present context, her execution of these documents constituted a binding and effective waiver of whatever homestead rights she could have otherwise asserted against the FmHA. *Rogers v. Great Am. Fed. Savings & Loan Ass'n,* 801 S.W.2d 36, 38 (Ark.1990); *Mercantile First Nat'l Bank of Doniphan v. Lee,* 790 S.W.2d 916, 918 (Ark.Ct.App.1990); *see also United States v. Selland,* 5 F.3d 533, 1993 WL 347197 (8th Cir. Sept. 14, 1993) at *1 (unpublished disposition). Accordingly, the Court concludes that Ms. Brown enjoys no homestead rights which prevent the FmHA from maintaining this foreclosure action.

## IV. CONCLUSION

In light of the foregoing discussion, the Court concludes that neither Mr. Richards nor Ms. Brown has offered a legal defense that bars the FmHA from maintaining this foreclosure action. The Court further concludes that, under the undisputed facts of this case, the FmHA is clearly entitled foreclose upon the property which is the subject of this litigation. IT IS THEREFORE ORDERED that the FmHA's motion for summary judgment be, and it is hereby, GRANTED. IT IS FURTHER ORDERED that David Richard's cross-motion for summary judgment be, and it is hereby, DENIED. Counsel for the FmHA shall provide the Court with a precedent form order within ten days of the filing of this opinion.

### *JUDGMENT*

Pursuant to the Court's Memorandum Opinion and Order filed herein on September 29, 1994, granting the Plaintiff's Motion for Summary Judgment, it is hereby ORDERED, DECREED and ADJUDGED:

1. The Court has subject matter jurisdiction and jurisdiction over all of the parties to this cause of action.

2. The payments due on the following promissory notes executed and delivered to Farmers Home Administration by Warren H. Brown, Mary O. Brown, Dennis L. Brown, James D. Brown, Diane L. Brown and Pamela A. Brown, individually and in their capacities as members of the Warren Brown and Sons Farms Partnership, are in default:

| NOTE DATE | PRINCIPLE AMOUNT |
| --- | --- |
| 6/29/79 | $125,220.00 |
| 6/29/79 | $103,780.00 |
| 4/10/80 | $ 64,010.00 |
| 4/10/80 | $ 78,990.00 |
| 4/27/81 | $ 33,090.00 |
| 4/27/81 | $ 90,150.00 |

By virtue of such default, plaintiff United States of America, Farmers Home Administration, is entitled to foreclose the real estate mortgages which secure payment of the above-described notes.

3. Payment of the above-described notes is secured by the following mortgages recorded in the records of the Circuit Clerk and Ex–Officio Recorder of Prairie County, Arkansas, Southern District, as follows:

---

§ 1951.906 (1993), it is not precluded from actually foreclosing upon a delinquent borrower's homestead.

**27.** Document No. 38, exh. 2–4.

**28.** Although Ms. Brown's attorney has stated that Ms. Brown "has not intended to waive ... her homestead interests," this naked assertion, based on the belief of Ms. Brown's attorney rather than his personal knowledge, "is inadequate to demonstrate the existence of issues of fact to survive a Rule 56 motion." *Postscript Enters. v. City of Bridgeton, supra,* 905 F.2d at 226.

MORTGAGE
RECORDED  BOOK & PAGE
6/29/79  Book 62, pg. 686
4/29/80  Book 64, pg. 138
4/10/81  Book 66, pg. 69

Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to the following described property in the Southern District of Prairie County, Arkansas:

A part of Block Sixty–One (61), Hudspeth's Addition to the Town of Hazen, Arkansas, being more particularly described as follows, to wit: Beginning at the Southeast corner of said Block 61, thence run North along the East boundary line of said block 61 a distance of 150 feet to a point; thence run West a distance of 122.31 feet to a point; thence run South parallel to the said East boundary line of said Block 61 a distance of 150 feet to a point; thence run East a distance of 122.31 feet to the point of beginning.

together with all improvements and appurtenances thereon.

4. The indebtedness now due and owing to the Farmers Home Administration on the above-described promissory notes, is the total sum of $537,649.29, which sum includes interest accrued through April 26, 1994, and interest accruing thereafter at he daily rate of $55.4426. Plaintiff United States of America, Farmers Home Administration, U.S. Department of Agriculture, is hereby awarded judgment *in rem* against the above-described real property for said amounts, plus any additional recoverable charges and advances incurred during the pendency of this action, interest after the date of filing of this judgment at the statutory rate pursuant to 28 U.S.C. § 1961 and the costs of this action. No personal judgment having been requested, none is rendered, and the judgment herein awarded to plaintiff for the above-mentioned sums shall operate *in rem* only.

5. If the above-described indebtedness due the plaintiff United States of America, Farmers Home Administration, is not paid within 10 days from the date of filing of this judgment, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South door of the Prairie County Courthouse, DeValls Bluff, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

6. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

7. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United

States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

8. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America, Farmers Home Administration, to the extent of the indebtedness owed to the plaintiff as set forth above. Any surplus shall be retained by the U.S. Marshal subject to further orders of the Court.

9. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 2nd day of November, 1994.